**The below described is SIGNED.**

**Dated: March 07, 2007**

_____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: **Horseshoe Mountain, L.C.,** Debtor. | Bankruptcy Number 06-23635 Chapter 11 |
| **Alden L. Johansen and Martha W. Johansen**, Plaintiffs, v. **Horseshoe Mountain, L.C., Stanley Caldwell, Victor Fowler, and Praxis Youth Development Corp.,** Defendants. | Adversary Proceeding No. 06-02537 |

**MEMORANDUM DECISION DENYING DEBTOR HORSESHOE MOUNTAIN, L.C.'S MOTION TO QUASH SUMMONS AND DISMISS ADVERSARY PROCEEDING**

The matter before the Court is the Debtor Horseshoe Mountain, L.C.'s Motion to Quash Summons and Dismiss Adversary Proceeding. Plaintiffs Alden L. Johansen and Martha W. Johansen filed this Adversary Proceeding seeking declaratory relief. The Debtor moved to

1

dismiss the case with prejudice arguing that Plaintiffs' counsel has an improper conflict of interest in this case. The Court determines that dismissal is not the appropriate remedy in this case.

## I. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A). Venue is appropriate under 28 U.S.C. § 1409(a).

## II. BACKGROUND

Alden L. Johansen and Martha W. Johansen developed a motel and restaurant on real property located in Mt. Pleasant, Utah ("the Property") and placed title to the Property in Horseshoe Mountain, L.C. At that time, the Johansens were the sole members/managers of Horseshoe Mountain, L.C.

In late 2003, the Johansens were introduced to Stanley L. Caldwell ("Caldwell") and Victor L. Fowler ("Fowler") and their company Praxis Youth Development Corporation ("Praxis"). Negotiations ensued regarding the possible sale of the Property to Praxis.

On May 14, 2004, the Johansens caused the Debtor to execute a Contract for Deed by which the Debtor agreed to sell the Property to Praxis in exchange for an agreement to assume the obligations secured by the Property. Caldwell, Fowler and Praxis failed to make the required payments on the Property and on January 5, 2005 the Johansens filed suit in the Sixth Judicial District of Sanpete County on behalf of themselves and the Debtor. The Johansens subsequently removed the State Court Action to the United States District Court for the District of Utah (hereinafter the "Removal Action").

Reed L. Martineau and Snow, Christensen & Martineau (collectively "Snow, Christensen

& Martineau") represent the Johansens and Horseshoe Mountain, L.C. in the Removal Action. The Amended Complaint filed by Snow, Christensen & Martineau in the Removal Action asserts claims on behalf of the Johansens and Horseshoe Mountain, L.C. directly.  Snow, Christensen & Martineau argues that the claims raised in the Amended Complaint were intended to be derivative claims brought by the Johansens in a representative capacity for the benefit of members of Horseshoe Mountain, L.C.  Regardless of their intentions, however, the Amended Complaint in the Removal Action is without apparent derivative language and is brought by the Debtor and the Johansens, both represented by Snow, Christensen & Martineau.

On September 25, 2006, the Debtor filed a voluntary Chapter 11 Petition.  On November 15, 2006, the Johansens commenced this Adversary Proceeding against Horseshoe Mountain, L.C., Caldwell, Fowler and Praxis seeking declaratory relief and dismissal of the main bankruptcy case.  Snow, Christensen & Martineau represent the Johansens in this proceeding.

On December 8, 2006, the Debtor filed a Motion to Quash Summons and Dismiss Adversary Proceeding arguing that Snow, Christensen & Martineau is acting both as counsel for Horseshoe Mountain, L.C. in the Removal Action and suing Horseshoe Mountain, L.C. in this Adversary Proceeding.  The Debtor further argues that Snow, Christensen & Martineau failed to properly plead derivative claims in the Removal Action and that a conflict of interest exists pursuant to Rule 1.7 of the Utah Rules of Professional Conduct.

## III.  ANALYSIS

Rule 1.7 of the Utah Rules of Professional Conduct provides in relevant part:

> (A) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if:
> (a) (1) The representation of one client will be directly adverse to another client;

3

>   or
>   (a)(2) There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

The Debtor argues that Plaintiffs' counsel has violated Rule 1.7 by asserting claims on behalf of Horseshoe Mountain, L.C. in the Removal Action and suing Horseshoe Mountain, L.C. in this Adversary Proceeding.

Trial courts are given broad discretion in controlling the conduct of attorneys in matters before the Court.[1] Where a Court learns that counsel has a conflict of interest, it may use its discretion to impose some remedy to avoid potential problems. The typical remedy for a conflict of interest is to require disqualification of counsel.[2] In cases where ethical violations are egregious, however, the remedy may also include dismissal of the action.[3] Dismissal is particularly appropriate "where the information on which the suit is bottomed has been supplied altogether by the former lawyer for the defendant, now counsel for the plaintiff."[4]

In the present proceeding, the Court is concerned about Snow, Christensen & Martineau's apparent conflict of interest but there has been insufficient evidentiary support for the Debtor's allegations. All that is before the Court in support of the Debtor's motion to dismiss is a series of representations made by the Debtor's counsel at the hearing which were at times vague. Moreover, even if the Debtor's representations are assumed to be true and

---

[1] Redd v. Shell Oil Co., 518 F.2d 311, 314 (10th Cir. 1975).

[2] Slater v. Rimar, Inc., 338 A.2d 584, 589 (Pa. 1975).

[3] Id. at 590.

[4] Id.

supported by evidence, the Court cannot find sufficient cause to dismiss this Adversary Proceeding. Disqualification may be appropriate in this case, upon submission of evidence, but not dismissal.

Accordingly, the Court denies the Debtor's Motion to Quash Summons and Dismiss Adversary Proceeding without prejudice. The Court further denies the Debtor's request for attorney fees and court-ordered referral of Reed L. Martineau and Snow, Christensen & Martineau to the Utah State Bar Ethics Division.

## IV.    CONCLUSION

The Debtor Horseshoe Mountain, L.C.'s Motion to Quash Summons and Dismiss Adversary Proceeding should be DENIED. A separate order accompanies this Memorandum Decision.

Service of the foregoing **MEMORANDUM DECISION DENYING DEBTOR HORSESHOE MOUNTAIN, L.C.'S MOTION TO QUASH SUMMONS AND DISMISS ADVERSARY PROCEEDING** will be effected through the Bankruptcy Noticing Center to each party listed below.

David T. Berry
Berry & Tripp, P.C.
5296 South 300 West, #200
Salt Lake City, UT 84107

Kim R. Wilson
P. Matthew Cox
Snow Christensen & Martineau
10 Exchange Place, 11th Floor
P.O. Box 45000
Salt Lake City, UT 84145

Blake T. Ostler
Mackey Price Thompson & Ostler
57 West 200 South, #350
Salt Lake City, UT 84101

John Morgan
Office of the U.S. Trustee
405 South Main Street, #300
Salt Lake City, UT 84111

Horseshoe Mountain, L.C.
c/o Victor Fowler
1628 Millcreek Way
Salt Lake City, UT 84106